THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br><br>    v.<br><br>JOSEPH SAM,<br><br>                Defendant. | CASE NO. CR19-0115-JCC<br><br>ORDER |

This matter comes before the Court on the parties' stipulated motion for a protective order (Dkt. No. 50). Having considered the motion and the relevant record, the Court finds good cause for a protective order, GRANTS the motion, and ENTERS the following protective order:

    1.    When the Government provides discovery to the defense team, the Government will designate as "protected" the three FBI reports that are discussed in the stipulated motion and that contain information provided by two witnesses through proffers to the Government.

    2.    The defense team is prohibited from making copies of any kind of any part of the designated items without the Government's prior written permission, except that the defense team may download materials from USAfx and place them on a server or other appropriate storage medium (*e.g.*, printed hard copies) so long as the defense team keeps all materials under its secure and exclusive control. The defense team will not leave any of the material designated as protected with Defendant Joseph Sam.

3. Unless the defense team receives prior written permission of the Government, the defense team will not share any of the material designated as protected with anyone except for Mr. Sam. In this context, "share" includes showing, providing copies of, or describing—whether in writing or orally—in a manner that will tend to reveal the victim's identity or personal information. The defense team may discuss with others the general nature of the protected material, provided that the discussion does not tend to reveal the victim's identity or personal information.

4. The defense team may review all of the discovery, including protected material, with Mr. Sam. The defense team may not, however, leave any protected material in Mr. Sam's possession or permit it to be copied in any way. Mr. Sam may not retain any protected material in any format.

5. If the defense team wishes to file protected material with the Court or to reference the contents of protected material, the filing must be sealed unless the Government gives prior written permission to file an unsealed version. This does not entitle either party to seal their filings as a matter of course. The parties must comply with the relevant Local and Federal Rules of Criminal Procedure pertaining to the sealing of court documents.

6. The protective order's provisions apply to all members of the defense team, including but not limited to other attorneys, contract attorneys, investigators, legal assistants, interns, experts, and paralegals. The defense team must ensure that all of its members understand the protective order's restrictions and understand that they must abide by those restrictions.

7. If Mr. Sam's current counsel is replaced by new counsel, Mr. Sam's current counsel must not turn over any discovery to Mr. Sam's new counsel without the Government's prior written permission. The Government will grant permission only when it is satisfied that Mr. Sam's new counsel has reviewed the protective order's terms and has acknowledged that he or she is bound by those terms.

8. The protective order's provisions shall not terminate when this prosecution

concludes.

9. Any person who violates a term or condition of the protective order may be held in contempt of court or may be subject to monetary or other appropriate sanctions. Mr. Sam is on notice that should he violate the terms of this order, the Government reserves the right to seek appropriate relief from the Court.

10. This order can be modified only by written agreement of the Government or by order of the Court.

DATED this 12th day of March 2020.

John C. Coughenour
UNITED STATES DISTRICT JUDGE