THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. CR19-0115-JCC |
| Plaintiff, | ORDER |
| v. | |
| JOSEPH SAM, | |
| Defendant. | |

This matter comes before the Court *sua sponte*. Trial in this matter was originally scheduled for August 12, 2019. (*See* Dkt. No. 36.) Mr. Sam moved to continue the trial date until May 4, 2020 because the case is complex and Mr. Sam's counsel needed additional time to review discovery from the Government, gather evidence material to the defense, and develop Mr. Sam's strategy for defending this matter. (*See* Dkt. No. 37.) The Court granted the motion. (*See* Dkt. No. 40.) On April 23, 2020, after the COVID-19 pandemic began impacting this district, the Government moved to vacate the May 4, 2020 trial date and schedule a status conference for June 2020 to determine an appropriate trial date. (*See* Dkt. No. 64.) The Government argued that the time between the date of the Court's order and the trial date established at the status conference should be an excludable time period under the Speedy Trial Act, 18 U.S.C. § 3161. (*See id.*) Mr. Sam agreed that the trial date should be stricken but objected to any time being excluded under the Speedy Trial Act. (*See* Dkt. No. 65.) The Court granted the motion,

scheduled a status conference for June 2, 2020, and held that the time between the date of the Court's order and the date of the status conference should be excluded under the Speedy Trial Act due to COVID-19's impact on this Court's operations. (*See* Dkt. No. 69.) Since then, the COVID-19 pandemic has continued and the Court has continued the status conference until August 4, 2020, (Dkt. No. 72), September 8, 2020, (Dkt. No. 92), and most recently, until October 6, 2020, (Dkt. No. 94).

Over the past six months, the COVID-19 pandemic has significantly impacted the Court's operations. (*See* General Orders 01-20, 02-20, 07-20, 08-20, 11-20, 13-20, 15-20 each of which the Court incorporates by reference.) Specifically, the pandemic has rendered the Court unable to obtain an adequate spectrum of jurors to represent a fair cross section of the community, and public health guidance has impacted the ability of jurors, witnesses, counsel, and Court staff to be present in the courtroom. (*See generally id.*) Recently, conditions have improved such that a trial early next year may be feasible, and the Court concludes that it is appropriate to schedule trial now. *See* General Order 15-20.

Accordingly, the Court FINDS that the ends of justice served by granting a continuance outweigh the best interests of Mr. Sam and the public to a speedy trial. *See* 18 U.S.C. § 3161(h)(7)(A). The reasons for this finding are:

1. The COVID-19 pandemic has rendered the Court unable to obtain an adequate spectrum of jurors to represent a fair cross section of the community, which would likely make proceeding with an earlier trial impossible or would result in a miscarriage of justice. *See* 18 U.S.C. § 3161(h)(7)(B)(i).
2. Public health guidance has impacted the ability of jurors, witnesses, counsel, and Court staff to be present in the courtroom. Therefore, proceeding with an earlier trial would likely be impossible. *See* 18 U.S.C. § 3161(h)(7)(B)(i).

//
//

Accordingly, the Court ORDERS:

1. The status conference scheduled for October 6, 2020 is STRICKEN.
2. Defendant's motion for video status conference (Dkt. No. 98) is DENIED as moot.
3. Trial in this matter is scheduled for February 22, 2021.
4. The period from April 30, 2020, when the Court first granted a continuance based on the impact of COVID-19, until February 22, 2021 is an excludable time period under 18 U.S.C. § 3161(h)(7)(A).

DATED this 5th day of October 2020.

John C. Coughenour
UNITED STATES DISTRICT JUDGE