THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>JOSEPH SAM,<br><br>　　　　　　Defendant. | CASE NO. CR19-0115-JCC-2<br><br>ORDER |

This matter comes before the Court on the Government's unopposed motion to continue trial (Dkt. No. 106).[1] Having thoroughly considered the Government's motion and the relevant record, the Court hereby GRANTS the motion for the reasons explained herein.

Trial was originally scheduled for August 12, 2019. (*See* Dkt. No. 36.) Mr. Sam moved to continue the trial date until May 4, 2020 because the case is complex and Mr. Sam's counsel needed additional time to review discovery from the Government, gather evidence material to the defense, and develop Mr. Sam's strategy. (*See* Dkt. No. 37.) The Court granted the motion. (*See*

---

[1] Although he filed an objection to the Court's General Order 18-20 regarding the impact of the COVID-19 pandemic on the Court's operations, (Dkt. No. 105), Mr. Sam did not respond to the Government's motion to continue. Therefore, the Court considers the motion to continue unopposed. *See* W.D. Wash. Local Crim. R. 12(b)(2) (each party opposing a motion must file a brief in opposition to the motion); W.D. Wash. Local Crim. R. 12(b)(4) (failure to file an opposition as required by the local rules may be deemed an admission that any opposition is without merit).

Dkt. No. 40.) On April 23, 2020, after the COVID-19 pandemic began impacting this district, the Government moved to vacate the May 4, 2020 trial date and schedule a status conference for June 2020 to determine an appropriate trial date. (*See* Dkt. No. 64.) The Government argued that the time between the date of the Court's order and the trial date established at the status conference should be an excludable time period under the Speedy Trial Act, 18 U.S.C. § 3161. (*See id.*) Mr. Sam agreed that the trial date should be stricken but objected to any time being excluded under the Speedy Trial Act. (*See* Dkt. No. 65.) The Court granted the motion, scheduled a status conference for June 2, 2020, and held that the time between the date of the Court's order and the date of the status conference would be excluded under the Speedy Trial Act due to COVID-19's impact on this Court's operations. (*See* Dkt. No. 69.) Since then, the COVID-19 pandemic continued to impact the Court and, on that basis, the Court continued the status conference until August 4, 2020, (Dkt. No. 72), September 8, 2020, (Dkt. No. 92), and then October 6, 2020, (Dkt. No. 94). On October 5, 2020, the Court concluded that a status conference was not necessary and that conditions related to COVID-19 had improved such that a trial in early 2021 might be feasible. (Dkt. No. 99 at 2.) Accordingly, the Court scheduled trial for February 22, 2021 and made written findings regarding the COVID-19 pandemic's impact on the Court's operations from April 30, 2020, when the Court first continued trial based on the impact of COVID-19, through February 22, 2021. (*Id.* at 2–3.)

Over the past eleven months, the COVID-19 pandemic has significantly impacted the Court's operations. (*See* W.D. Wash. General Orders 01-20, 02-20, 07-20, 08-20, 11-20, 13-20, 15-20, 18-20, each of which the Court incorporates by reference.) Specifically, the pandemic has made it difficult for the Court to obtain an adequate spectrum of jurors to represent a fair cross section of the community, and public health guidance has impacted the ability of jurors, witnesses, counsel, and Court staff to be present in the courtroom. (*See generally id.*)

Accordingly, the Court FINDS that the ends of justice served by granting a continuance outweigh the best interests of Mr. Sam and the public to a speedy trial. *See* 18 U.S.C.

§ 3161(h)(7)(A). The reasons for this finding are:

1. The COVID-19 pandemic has made it difficult for the Court to obtain an adequate spectrum of jurors to represent a fair cross section of the community, which would likely make proceeding with an earlier trial impossible or would result in a miscarriage of justice. *See* 18 U.S.C. § 3161(h)(7)(B)(i).

2. Public health guidance has impacted the ability of jurors, witnesses, counsel, and Court staff to be present in the courtroom. Therefore, proceeding with an earlier trial would likely be impossible or would result in a miscarriage of justice. *See* 18 U.S.C. § 3161(h)(7)(B)(i).

For the foregoing reasons, the Court ORDERS:

1. The February 22, 2021 jury trial is CONTINUED until May 17, 2021 at 9:30 a.m.
2. The period from April 30, 2020 until May 17, 2021 is an excludable time period under 18 U.S.C. § 3161(h)(7)(A) for the reasons stated above.

DATED this 5th day of February 2021.

John C. Coughenour
UNITED STATES DISTRICT JUDGE