THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　　Plaintiff,<br><br>　　v.<br><br>JOSEPH SAM,<br><br>　　　　　　　　Defendant. | CASE NO. CR19-0115-JCC-2<br><br>ORDER |

This matter comes before the Court on the Government's motion to authenticate and admit business and electronic records (Dkt. No. 131). Having thoroughly considered the motion and the relevant record, the Court GRANTS in part and DENIES in part the motion.

The Government seeks to authenticate and admit records from Facebook, T-Mobile, Frontier Communications, and TextNow based on certifications from records custodians from those companies who represent that the records were made and kept in the regular course of their business.[1] *See* Fed. R. Evid. 902(11), 803(6). The Government did not provide the Court with the records, but the Court understands that the records span hundreds of pages and include user-created information, such as Facebook messages and text messages, and company-created

---

[1] The Government's trial brief refers to AT&T records, (Dkt. No. 138 at 17), but the Government's motion does not, and the Government did not provide a certification from an AT&T records custodian, (Dkt. No. 131). Therefore, this order does not address any AT&T records.

ORDER
CR19-0115-JCC-2
PAGE - 1

information, such as IP address records. (*See* Dkt. Nos. 131 at 3, 131-1, 131-2, 131-3, 138 at 12–14.) Because the records custodians' certifications comply with Federal Rule of Evidence 902(11), the Court concludes that the records are authentic. Therefore, the Government need not call records custodians to testify at trial. Further, based on the information in the certifications, the Court concludes that at least some portions of the records—likely most or all of the company-created information—satisfy Rule 803(6). However, that determination is not sufficient for the Court to conclude that every portion of every record is admissible. The Government's representations suggest that some of the records may contain statements that do not fall within Rule 803(6) or may contain hearsay-within-hearsay. *See* Fed. R. Evid. 805. For instance, the Government represents in its trial brief that it seeks to admit Facebook messages Mr. Sam's alleged co-conspirators sent to Mr. Sam. (*See* Dkt. No. 138 at 12–13.) These messages, if offered for their truth, are not Facebook's business records. *See United States v. Browne*, 834 F.3d 403, 409–11 (3d Cir. 2016) (suggesting that portions of Facebook chat logs, such as "timestamps . . . and similarly technical information verified by Facebook," likely fall within Rule 803(6) but holding that user messages "are not business records under 803(6)"). Therefore, if the Government seeks to admit these messages it must show they are not hearsay or rely on another hearsay exception, as the Government suggests it intends to in its trial brief.

Because the Court has not seen the relevant records and because portions of the records are likely not admissible under Rule 803(6), the Court cannot admit all of the records *en masse* at this juncture. Thus, the Court GRANTS in part and DENIES in part the motion. The records that are business records are self-authenticating under Rule 902(11), so the Government need not call records custodians to testify at trial. However, the Court cannot determine which records those are or whether particular records are admissible without seeing the records. Therefore, the Court will address the admissibility of particular documents or groups of documents at trial.

//

//

DATED this 2nd day of June 2021.

John C. Coughenour
UNITED STATES DISTRICT JUDGE