THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>               Plaintiff,<br><br>   v.<br><br>JOSEPH SAM,<br><br>               Defendant. | CASE NO. CR19-0115-JCC-2<br><br>ORDER |

This matter comes before the Court on the parties' joint motion *in limine* regarding statements by Jerry Goodwill (Dkt. No. 152)[1] and the Government's motion to seal (Dkt. No. 153). Mr. Goodwill is deceased. (Dkt. No. 152 at 1.) Therefore, he is unavailable to testify at trial. Fed. R. Evid. 804(a)(4). In its trial brief, the Government suggested that it intends to attempt to admit statements Mr. Goodwill made against his penal interest pursuant to Federal Rule of Evidence 804(b)(3). (Dkt. No. 138 at 15.) In response, Mr. Sam requested that the Court exclude evidence about how Mr. Goodwill died and why he is unavailable, but did not take a

---

[1] This document was filed by the Government only, but Mr. Sam highlighted dozens of passages he apparently wishes the Court to consider, so the Court construes the document as a joint motion *in limine* requesting that the Court address all highlighted portions of the transcript. The Court will consider the supplemental motions *in limine* the parties have filed thus far even though they were filed after the deadline. (*See* Dkt. No. 116.) In the future, the parties must file *all* motions *in limine* by the deadline. Burying motions *in limine* in trial briefs and raising them in supplemental filings does not exempt them from the deadline.

ORDER
CR19-0115-JCC-2
PAGE - 1

position on the Government's request, nor did Mr. Sam indicate that he sought a ruling on the admissibility of any statements Mr. Goodwill made. (*See* Dkt. No. 145 at 5–6.) Five days later, the Government filed the instant "supplemental submission" to which it attached transcripts of interviews Mr. Goodwill gave to law enforcement spanning roughly 120 pages. (*See* Dkt. Nos. 152, 154, 155.) The Government seeks to admit approximately four excerpts from the transcripts and requests that the Court "determine which statements are admissible under Federal Rule of Evidence 804(b)(3)." (Dkt. No. 152 at 2.)

In response, Mr. Sam apparently requests for the first time and without argument that the Court admit dozens of statements by Mr. Goodwill. (*See* Dkt. Nos. 154, 155.) Mr. Sam offers no explanation for why these statements are admissible, and the vast majority of them are not statements against Mr. Goodwill's penal interest. It appears that Mr. Sam simply highlighted statements that he views as favorable to him and hoped the Court would undertake the burden of sorting through them, scouring the Federal Rules, and determining whether there is any ground for admitting them. The Court will not do so.

The Court's rulings are in the tables below. Citations to page numbers are to the blue page numbers created by the Court's electronic filing system. The rulings address only whether Mr. Goodwill's statements are statements against his penal interest under Federal Rule of Evidence 804(b)(3). The Court does not address statements by law enforcement or any other evidentiary issue related to Mr. Goodwill's statements, such as whether they fall within another hearsay exception, whether they are relevant, or whether they are unfairly prejudicial.

These rulings provide guidance to the parties but given the method the parties used to present these issues to the Court it is difficult to parse admissible statements from inadmissible statements. If the parties seek clarification or have additional concerns about Mr. Schakel's expected testimony, they should address it orally before trial or during Mr. Schakel's testimony. Finding good cause, the Court GRANTS the Government's motion to seal (Dkt. No. 153). *See Kamakana v. City and Cnty. of Honolulu*, 447 F.3d 1172, 1178–81 (9th Cir. 2006).

**Exhibit A (Dkt. No. 154)**

| Government's Designation | Defendant's Response | 804(b)(3) |
|---|---|---|
| 60:15-61:4 | No Objection | Yes |
| 61:25-62:6 | No Objection | Yes |

| Defendant's Designation | Government Response | 804(b)(3) |
|---|---|---|
| 3:3-3:15 | No Objection | No |
| 3:25-4:1 | Objection | No |
| 4:4-4:9 | Objection | No |
| 9:5-9:6 | Objection | No |
| 9:9-9:20 | No Objection | No |
| 9:24-9:25 | No Objection | No |
| 10:5-10:6 | No Objection | No |
| 11:13-11:14 | No Objection | Yes |
| 11:25-12:2 | Objection | No |
| 12:5-12:6 | Objection | No |
| 13:2-13:13 | Objection | No |
| 14:1-16:1 | Objection | No |
| 18:10-18:15 | Objection | No |
| 18:24-19:3 | Objection | No |
| 20:15-20:23 | Objection | No |
| 21:1-21:14 | Objection | No |
| 26:14-26:23 | Objection | No |
| 29:12-29:17 | No Objection | No |
| 30:1-30:14 | No Objection | No |
| 30:18-30:19 | Objection | No |
| 31:22-32:17 | Objection | No |
| 32:18-32:19 | No Objection | Yes |
| 32:19-32:20 | Objection | No |
| 33:17-33:21 | Objection | No |
| 45:9-45:15 | Object in Part | Yes |
| 57:3 | Objection | No |
| 62:10-63:9 | Objection | No |
| 64:16-64:18 | No Objection | No |
| 65:2-65:21 | No Objection | Yes |
| 66:12-67:14 | Objection | No |
| 70:3-70:5 | Objection | No |
| 70:14-70:19 | No Objection | Yes |
| 71:3-71:13 | Objection | No |

**Exhibit B (Dkt. No. 155)**

| Government's Designation | Defendant's Response | 804(b)(3) |
|---|---|---|
| 23:16-23:17 | No Objection | Yes |
| 37:8-37:11 | Objection | No |

| Defendant's Designation | Government's Response | 804(b)(3) |
|---|---|---|
| 4:22-4:25 | No Objection | No |
| 5:2-5:3 | Objection | No |
| 5:14-5:24 | Objection | No |
| 7:13-8:5 | Objection | No |
| 8:20-9:4 | Objection | No |
| 9:5-10:1 | Object in Part | Yes |
| 10:8-10:13 | No Objection | Yes |
| 10:19-10:21 | No Objection | Yes |
| 10:25-11:18 | No Objection | Yes |
| 11:19-11:23 | Objection | No |
| 12:4-12:19 | Object in Part | No |
| 13:8-14:3 | Object in Part | No |
| 14:13-14:14 | Unclear | No |
| 16:3-16:5 | No Objection | Yes |
| 16:6-16:24 | Objection | No |
| 16:25-17:15 | No Objection | Yes |
| 18:3-18:4 | No Objection | Yes |
| 25:3-25:6 | Objection | No |
| 26:20-26:23 | Objection | Yes |
| 27:21-28:8 | Objection | No |
| 28:9-28:10 | Objection | Yes |
| 28:11-29:7 | Objection | No |
| 29:22-30:24 | Object in Part | No |
| 31:12-31:24 | Objection | No |
| 32:5-32:12 | Unclear | No |
| 32:15-33:5 | No Objection | Yes |
| 33:10-33:19 | Objection | Yes |
| 33:20 | Objection | No |

//

//

//

ORDER
CR19-0115-JCC-2
PAGE - 4

DATED this 3rd day of June 2021.

John C. Coughenour
UNITED STATES DISTRICT JUDGE